IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANN MARIE MELGAREJO | * |
| | * |
| v. | * |
| | *    Civil No.  JKS 08-3140 |
| | * |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Ann Marie Melgarejo brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Melgarejo's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Melgarejo's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Melgarejo filed an application for SSI on February 25, 2005, (R. 64, 75), alleging an onset of disability on January 1, 2001.  (R. 64).  Following denial of her claims initially and on reconsideration, (R. 48-54), an Administrative Law Judge (ALJ) held a hearing on May 2, 2008, at which Melgarejo was represented by an attorney.  (R. 307-39).  On May 17, 2008, the ALJ found that Melgarejo was not disabled within the meaning of the Act.  (R.10-24).  The Appeals Council denied Melgarejo's request for a review, rendering the ALJ's determination as the final decision of the Commissioner of Social Security.  (R. 5-7).

**2. ALJ's Decision.**

The ALJ evaluated Melgarejo's SSI claim using the five-step sequential process set forth in 20 C.F.R. § 416.920. First, the ALJ determined that Melgarejo has not engaged in substantial gainful activity since the application date of February 25, 2005. (R. 15). At step two, the ALJ concluded that Melgarejo has the following severe impairments: hepatitis C, bipolar affective disorder with depression and anxiety, and polysubstance abuse. *Id.* However, at step three the ALJ determined that Melgarejo's impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18). In evaluating Melgarejo's residual functional capacity (RFC) at step four, the ALJ found that Melgarejo has the ability to perform unskilled sedentary work and that she is unable to return to her past relevant work. (R. 19-22). At step five, the ALJ considered Melgarejo's age, education, work experience and RFC, as well as VE testimony to find that there are jobs that exist in significant numbers in the national economy that she can perform. (R. 23). As a result, the ALJ determined that Melgarejo was not disabled within the meaning of the Act. *Id.*

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Melgarejo raises three issues in her appeal. First, she claims that the ALJ erroneously evaluated her mental impairments at step two of the sequential process. Second, Melgarejo claims that the ALJ erroneously assessed her RFC. Third, she asserts that the ALJ erroneously relied on the testimony of the vocational expert.

   A. The ALJ Properly Evaluated Melgarejo's Impairments.

Melgarejo's first claim is that although the ALJ determined that she had a severe mental impairment, the ALJ failed to find "any real limitations" related to it. At step two of the sequential evaluation process, the Commissioner must determine whether the claimant's impairment or combination of impairments is severe. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). A severe impairment is one which significantly limits a claimant's ability to do basic work activities. *See* 20 C.F.R. § 416.921. Basic work activities are "the abilities and aptitudes necessary to do most jobs," which include walking and standing, capacities for hearing and seeing, carrying out simple instructions, and use of judgment. *Id.* If the ALJ finds a severe impairment, the ALJ must proceed to step three. *See* 20 C.F.R. § 416.920(c).

Here, substantial evidence supports the ALJ's findings regarding the effects of Melgarejo's physical and mental impairments. The ALJ reviewed Melgarejo's medical and treatment records from various hospitals and treatment programs. (R. 15-18). The ALJ also examined the evaluation of Dr. Nicola G. Cascella, the State agency physician, and Melgarejo's report to Dr. Cascella that she babysat her neighbor's young child, drove a car, and

independently took care of her personal needs. (R. 17-18). The ALJ found that Melgarejo has a mild restriction of her activities of daily living and social functioning and mildly moderate restrictions on concentration, persistence or pace. (R. 17-18). These conclusions are supported by substantial evidence.

Melgarejo argues that her GAF score of 40 to 45 should have resulted in significant work-related limitations. However, a GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,746-01, 50,764-65 (Aug. 21, 2000). Melgarejo also contends that her mental impairment should have resulted in limitations beyond a mere limitation to unskilled work. However, having determined that Melgarejo's mental impairments caused at most mild-to-moderate limitations on her daily living activities, social functioning, and concentration, persistence and pace, the ALJ properly limited her to unskilled work. (R. 18, 21-22). Melgarejo cites to no evidence to support additional limitations.

   B.  The ALJ Properly Assessed Melgarejo's RFC.

Melgarejo's second argument is that the ALJ erroneously assessed her RFC. Specifically, Melgarejo argues that the ALJ failed to perform a function-by-function assessment of her limitations and failed to properly consider all of the relevant evidence.

RFC is the most work an individual can do, despite his or her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. § 416.945(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184 at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e),

416.945.  The RFC assessment must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities.  Soc. Sec. Ruling 96-8p at *3.  The ALJ must also address both the exertional and nonexertional capacities of the individual.  Soc. Sec. Ruling 96-8p at *5-6.  The evaluation shall also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion.  *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); Soc. Sec. Ruling 96-8p at *5.  Further, to evaluate the severity of the claimant's mental impairments, the ALJ must follow a special technique which first evaluates the pertinent symptoms and laboratory findings and then rates of the degree of functional limitation resulting from the impairments.  20 C.F.R. § 416.920a.

Here, the ALJ determined Melgarejo's RFC by examining medical facts concerning her lumbar disc disease and sciatica, hepatitis C condition, depression, and bipolar affective disorder.  (R. 19-22).  The ALJ described those facts and opinions in a thorough narrative discussion.  *Id.*  The ALJ also discussed in narrative form Melgarejo's testimony as to her physical and mental limitations and his assessment of her credibility as to those limitations, and properly evaluated Melgarejo's mental impairments in accordance with 20 C.F.R. § 416.920a.  (R. 21-22).  The ALJ's conclusion that Melgarejo could perform unskilled, sedentary work is sufficient to demonstrate that she can perform work on a regular and continuing basis, or 8 hours a day, for 5 days.  *See Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (stating that an ALJ's determination of a claimant's RFC implicitly includes a finding that the claimant is able to work an eight hour day).  Moreover, the record in this case is entirely consistent with the ALJ's RFC determination that Melgarejo can perform unskilled, sedentary work.  The ALJ's determination of Melgarejo's RFC is supported by sufficient evidence.

The ALJ cited specific medical evidence from a treating or examining physician, and stated that the medical evidence shows that Melgarejo's mental impairments are directly associated with her history of substance abuse. (R. 21). Further, he explained that the totality of the medical reports show that Melgarejo was experiencing an improvement in her mental health and a decrease in her psychiatric symptoms when she was not abusing substances. *Id.* The ALJ specifically noted that by October 3, 2007, one of Melgarejo's treating physicians, Dr. Betty Jo Salmeron, found that she had an appropriate affect and normal speech and language, and that she was stable. (R. 17, 278-79). Dr. Salmeron's updated diagnosis assessed Melgarejo with opiate dependence on sustained remission on aggravant, and did not include the previous diagnoses of depression and bipolar disorder. (R. 17, 278-85).

Melgarejo further argues that the ALJ ignored pertinent evidence, including her GAF score, and failed to explain how any material inconsistencies or ambiguities were resolved. However, the ALJ discussed at length the medical reports from Johns Hopkins Bayview Medical Center in which her GAF scores are reported. (R. 16-17, 275, 281). As discussed *supra*, the GAF is not determinative of disability, and the ALJ is not required to discuss every piece of evidence in the record. *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n. 10 (4th Cir. 1999) (an ALJ's duty to explain "is not intended to be a mandate for administrative verbosity or pedantry;" instead, the ALJ satisfies his duty to explain if the reviewing court can discern "what the ALJ did and why he did it"). In sum, the RFC finding is supported by substantial evidence.

    C.   The ALJ Properly Relied on the Testimony of the Vocational Expert.

Melgarejo's final claim is that the ALJ erroneously relied on the testimony of the VE. She specifically argues that the ALJ failed to pose a hypothetical question to the VE that included all of her documented limitations.

At the final step of the sequential evaluation, the Commissioner bears the burden to show that there were other jobs, existing in significant numbers in the national economy, that the claimant could perform, consistent with the claimant's age, education, work history and functional limitations. *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). Where a claimant has non-exertional limitations (i.e. non-strength activities, including mental limitations), the medical-vocational guidelines ("grids") set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2 are not conclusive. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983); *see also* Soc. Sec. Ruling 96-4p, 1996 WL 374187 at *2. Rather, the Commissioner must give full individualized consideration to all relevant facts of the case, *Grant*, 699 F.2d at 192; 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); 20 C.F.R. § 404.1569, producing a vocational expert (VE) to testify that jobs exist that the claimant has the capacity to perform. *Grant*, 699 F.2d at 192. For the VE's testimony to be relevant or useful, the ALJ must ask proper hypothetical questions which include all of the claimant's impairments that the ALJ finds to be supported by substantial evidence. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986).

Here, the ALJ properly based his hypotheticals to the VE on Melgarejo's limitation to unskilled sedentary work. The hypothetical, (R. 335), mirrored the ALJ's findings as to Melgarejo's RFC, (R. 19-22), which as noted, are supported by substantial evidence. The ALJ's question to the VE specifically noted her depression and anxiety, bipolar disorder, and substance

abuse history, and the VE testified that a person with those limitations could perform specific sedentary unskilled work. (R. 335).

Melgarejo claims that the ALJ failed to include "*any* limitations" from her treating physicians in the hypotheticals mischaracterizes the ALJ's questions to the VE. As noted, her depression, anxiety, bipolar disorder, and history of substance abuse were documented in her medical records. (R. 268-98). Even if the ALJ had posed an incomplete hypothetical, the omission "may be cured by a showing that prior to testifying the [VE] reviewed the claimant's record containing the omitted information." *Ragsdale v. Shalala*, 53 F.3d 816, 820 (7th Cir. 1995). Here, the VE reviewed Melgarejo's file and was present during the hearing, (R. 334), which permits the court to conclude that the VE took into account all of Melgarejo's limitations.

## 5. Conclusion.

For the foregoing reasons, Melgarejo's motion for summary judgment will be denied. A separate Order will be entered.

Date:  December 15, 2009                           /S/
                                              JILLYN K. SCHULZE
                                              United States Magistrate Judge